IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JUAN ANTONIO BACA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

2:25-CV-092-Z
(2:20-CR-123-Z-BR)

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *pro se* amended motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 ("Motion") filed by Petitioner Juan Antonio Baca. ECF No. 4. For the reasons stated below, Baca's Section 2255 motion is **DISMISSED with prejudice** as untimely.

**BACKGROUND**

The record in Baca's underlying criminal case, No. 2:20-CR-123-Z-BR (the "CR"), reflects the following:

On May 20, 2021, Baca pleaded guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). CR ECF Nos. 29, 31. On September 21, 2021, the Court sentenced Baca to 69 months in prison, followed by three years of supervised release. CR ECF No. 42. Judgment was entered on September 22, 2021. *Id.* Baca did not file a direct appeal.

On January 14, 2025, Baca sent correspondence to this Court asking that his federal sentence be run concurrently with his state sentence, and that he be given credit on his sentence for time he spent in federal holding facilities before he arrived at his initial BOP facility. Construing his complaint as a petition for habeas corpus under 28 U.S.C. Section

1

2241, the Court sent him a Section 2241 form and requested that he file his claims on the form. Baca did so, but also added claims of ineffective assistance of trial counsel to his request for back time credit. Accordingly, on April 28, 2025, the Court severed his Section 2255 claims and transferred his Section 2241 claims to the proper jurisdiction. *See* Case No. 2:25-CV-15 at ECF Nos. 5, 11.

In his Section 2255 motion, Baca claims that his attorney was ineffective on a variety of grounds, including failing to ensure that his federal sentence ran concurrently with a state sentence. ECF No. 4. Because Baca's Section 2255 motion appears untimely, the Court directed him to file a brief with the Court regarding whether the one-year limitations period barred his motion, or whether equitable tolling should apply. Baca filed his response on September 2, 2025. ECF No. 8. After a review of Baca's response, the relevant pleadings and law, the Court concludes that Baca's Section 2255 motion is barred by limitations and should be dismissed.

**LEGAL ANALYSIS**

**A. Statute of Limitations.**

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

Section 2255(f). Baca does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1). Baca did not appeal, so for his Section 2255 motion to have been timely under 2255(f)(1), he must have filed his motion no later than October 6, 2021. *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Baca filed his Section 2255 motion on January 2, 2025,[1] so it is untimely in the absence of equitable tolling.[2]

### B. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's federal habeas corpus petition is deemed filed when the prisoner delivers it to prison officials according to the proper prison procedures." *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008). Out of an abundance of caution, the Court will construe his Section 2255 claims as first being raised in his initial filing in Case No. 2:25-cv-15.

[2] Baca does not argue actual innocence in his motion.

to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Baca alleges numerous "extraordinary circumstances" that he claims prevented a timely filing of his Section 2255 motion. Specifically, Baca claims that (1) he only recently became aware that his state and federal sentences are consecutive;[3] (2) he is ignorant of the law and has no counsel; (3) COVID outbreaks limited inmates' law library time; (4) he has been moved to four different prisons in less than three years and has spent months waiting for his personal property to arrive at his new institution; (5) he spent unspecified time in special housing where law library computers do not work; and (6) he has a medical condition due to a 2004 car accident that leaves him bedridden at times and causes dizziness and memory loss, which "makes it difficult for Petitioner to bring legal matters to the courts in a timely manner." ECF No. 8. However, he fails to show how each of these issues specifically affected him—and to what extent—in his efforts to file a Section 2255 motion. His conclusory assertions do not show "extraordinary circumstances." Further, he makes no effort to show that he has diligently pursued his rights for the last four years. On this record, Baca has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Baca's motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

---

[3] The record in his underlying criminal case belies this statement. His judgment entered on September 22, 2021, clearly states that his federal sentence is to run consecutively to his state sentence. *See* ECF No. 42.

**SO ORDERED.**

November 19, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5